## HENRY QUELLMALZ LUMBER & MANUFACTURING COMPANY *v.* BRINEY.

### Opinion delivered February 26, 1923.

1. SALES—EVIDENCE AS TO BREACH OF CONTRACT.—A finding that plaintiff had not broken his contract to manufacture and deliver lumber on board cars at specified prices *held* not contrary to a clear preponderance of the evidence.

2. LOGS AND LOGGING—ESTOPPEL TO CLAIM FORFEITURE.—Where vendors conveyed timber rights to a vendee with reservation of a vendors' lien and stipulation that, upon default, all rights should cease, and the vendee conveyed same to defandant, who contracted with plaintiff to manufacture the timber into lumber and deliver same to plaintiff, *held*, in a suit by plaintiff to recover a balance due by defendant under such contract, the vendors were estopped to assert by cross bill their right to enforce a forfeiture as against defendant where they permitted him to purchase and manufacture the logs after default in payment of the purchase money, and also made continuous efforts to collect the purchase money.

3. EQUITY—DISMISSAL OF CROSS BILL.—It was not error to dismiss a cross bill against a party not shown to have any interest in the litigation and who in his answer disclaimed any interest therein.

4. EQUITY—CROSS BILL.—A cross bill to make vendor in a quitclaim deed a party to a suit was properly dismissed, although the deed provided that the vendor would defend all suits brought by the representative of the original owner for the purpose of

defeating title to the timber conveyed; the expense of defending the suit not being an issue in the case.

Appeal from Clay Chancery Court, Western District; *Archer Wheatley,* Chancellor; affirmed.

*C. T. Bloodworth,* for appellant.

*F. G. Taylor* and *Fuhr & Futrell,* for appellees.

HUMPHREYS, J. This suit was commenced in the Western District of the Clay Circuit Court by appellee, J. R. Briney, against appellant to recover an alleged balance of $2,410.29 upon a written contract entered into on the 23rd day of July, 1919, by and between appellant and appellee, J. R. Briney, for the manufacture and delivery of different kinds of lumber on board cars at Tipperary, Arkansas, at prices specified in the contract.

Appellant filed an answer admitting the execution of the contract, but alleging breaches thereof by said appellee, in failing to manufacture grades contracted for, and in failing to deliver same as per contract. By way of further defense, appellant pleaded that it was compelled to purchase a superior title to that of appellee to said lumber from George A. Burr and W. O. Poole, who had a lien thereon for the purchase money of the timber out of which the lumber was manufactured, and asked to be subrogated to the rights of Burr and Poole. It also alleged that Burr and Poole warranted the title thereto and agreed to hold it harmless. It also alleged that George Booser was the real party in interest, instead of J. R. Briney, and asked that Booser, Burr, and Poole be made parties defendant in its cross bill against them and Briney, in which it was alleged that said appellant sustained $5,000 damages on account of a failure to deliver the lumber to it.

George A. Booser filed an answer denying any interest in the litigation.

George A. Burr and W. O. Poole filed an answer denying that they guaranteed a title to the lumber when they sold same to appellant, but asserted a right to sell same under a vendor's lien, retained by them in their

timber· deed of date September 19, 1918, to F. C. Mullinix as trustee in bankruptcy of George A. Booser, bankrupt, from whom said appellee, J. R. Briney, purchased the logs out of which the lumber in question was manufactured. They asked and obtained a transfer of the cause to the chancery court of the Western District of said county for the purpose of enforcing their alleged lien rights against the timber and lumber.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a dismissal of appellant's cross bill and a judgment against appellant in favor of appellee, J. R. Briney, in the sum of $839.43 with interest, from which is this appeal.

The record reveals that on the 19th day of September, 1918, George A. Burr, W. O. Poole, and his wife, Dora C. Poole, conveyed the timber on 1,566.42 acres of land in the said county to F. C. Mullinix, trustee in bankruptcy of George A. Booser, bankrupt, for $20,000, $1,000 cash, and the balance in deferred payments, evidenced by said trustee's certificates. The deed contains the usual granting, habendum and warranty clauses appearing in deeds of real estate. It also contains the following clauses:

"If default be made for a period of thirty days in the payment of principal and interest, the entire remaining purchase money and interest to become immediately due and payable, and at such time all cutting, removing and manufacturing of the timber herein sold shall immediately cease. "And in consideration of the foregoing grant the said F. C. Mullinix, as trustee in bankruptcy, agrees that he will pay every sixty days for all timber removed by him from any lands, at the rate of two dollars per thousand feet for all soft wood, and five dollars per thousand feet for all hard wood, the amount of such payments to be credited on the notes first falling due after payments. Said W. O. Poole and George A. Burr retain a lien on all timber herein conveyed, except as herein provided, until said notes and interest be fully paid."

The timber deed was placed on record immediately after execution and delivery. F. C. Mullinix cut and removed a large amount of timber, and cut quite a little which he did not remove. The down timber was princi pally in section 24. Mullinix sold the down timber in that section to J. R. Briney, who manufactured about 362,000 feet of it into lumber. Briney produced his re-turned check for $886.06, payable to F. C. Mullinix, evidencing that he had paid the contract stumpage price for the timber. George A. Booser testified that he kept the books for F. C. Mullinix, trustee, showing the amount of all timber cut and all money paid by Mullinix to Burr and Poole under the timber deed. According to his testimony, which was undisputed, Mullinix cut 1,365,157 feet of soft wood, and 352,546 feet of hard wood, paying therefor the stumpage price of $2 per thousand for soft wood and $5 per thousand for hard wood, or a total of $4,358.02, in addition to $1,000 cash paid by him when the contract was entered into. Prior to the time Burr & Poole declared a forfeiture for the non-payment of the purchase money due by F. C. Mullinix, trustee, J. R. Briney purchased the down logs in said section 24. During the period of default on the part of Mullinix, and before the forfeiture was declared, J. R. Briney entered into a written contract with appellant which is made the basis of this suit, and manufactured 275,589 or more feet of lumber which was stacked on the mill yard and marked by appellant's agent, upon which appellant advanced $544.39, and afterwards expended $1,237.36 in hauling and placing same on board cars at Tipperary. This contract provided, in substance, for the cutting of not less than 200,000 and not more than 1,000,000 feet of lumber of different kinds by Briney for appellant, at fixed prices; that the lumber should be log run No. 2, common and better; that the lumber should average not more than 20 per cent. No. 2; that said lumber should be first stacked and dried at a sawmill on the land, and, after inspection, hauled to Tipperary and

placed on board cars by Briney at his expense, when directed to do so by appellant; that advances should be made to Briney every two weeks, as the lumber was being manufactured, at the rate of $14 or $15 per thousand, balance to be paid when loaded on cars; that appellant should be allowed 2 per cent. discount on cash advanced.

Long after the lumber had been manufactured and stacked, to-wit: in the month of March, 1920, Burr & Poole declared a forfeiture because Mullinix defaulted in the payment of the purchase money certificates, and served notice on all parties that they claimed a lien on all the timber, including the lumber stacked on the mill yard. Thereupon appellants purchased the timber and lumber from Burr & Poole, and obtained a quitclaim deed thereto from them. Immediately after obtaining the deed, appellant took charge of the lumber, inspected, sold, and shipped same to its customers.

The testimony adduced by appellant tended to show that it gave appellee every opportunity to haul and place the lumber on board cars at Tipperary, and that he refused to do so, and abandoned his contract. The testimony adduced by said appellee tended to show that he requested appellant to permit him to haul and place the lumber on board cars, and that appellant refused to let him do so. We deem it unnecessary to set out the testimony upon this issue. Suffice it to say that, after a careful reading thereof, we cannot say that the finding of the chancery court, to the effect that Briney did not breach the contract is contrary to a clear preponderance of the evidence.

Appellant contends that the chancery court erred in holding that it obtained title to the lumber in question from Burr & Poole through Mullinix and Briney. It is argued that because Mullinix made default in the payment of the purchase money he automatically forfeited all right to cut the standing timber and to sell or remove the down timber. In support of this argument appellant relies upon the following clause in the timber deed of date September 19, 1918:

"If default be made for a period of thirty days in the payment of principal and interest, the entire remaining purchase money and interest to become immediately due and payable, and at such time all cutting, removing and manufacturing of the timber herein sold shall immediately cease."

Appellee Briney made the contention that the clause quoted had no application to down timber which had been paid for according to the stumpage prices fixed in the deed. In support of this contention appellee relies upon the following clause in said timber deed:

"And in consideration of the foregoing grant the said F. C. Mullinix, as trustee in bankruptcy, agrees that he will pay every sixty days for all timber removed by him from any lands, at the rate of two dollars per thousand feet for all soft wood, and five dollars per thousand feet for all hard wood, the amount of such payments to be credited on the notes first falling due after payments."

Our interpretation of the evidence makes it unnecessary to determine, under the terms of the contract, whether down timber which had been paid for according to the fixed stumpage prices had been released from the vendor's lien retained in the deed. At the time Briney purchased the logs from Mullinix and during the time he manufactured the lumber, no forfeiture was declared by Burr & Poole. On the contrary, after default in the payment of the purchase money, they made continuous efforts to collect same. They permitted Briney to manufacture the down logs, which he had purchased from Mullinix, into lumber for appellant. We think Burr & Poole clearly estopped, by this contract, from asserting a lien upon the down logs for which it had been paid according to stumpage prices. Appellant acquired the right to the possession of the lumber, upon which it had made advances, from Briney. It was therefore unnecessary for appellant to purchase the pretended claim from Burr & Poole to the lumber in order to get possession thereof.

Appellant also contends that the court erred in stating the account between it and Briney. The alleged error consists in the fact, first, that the court made no allowance to appellant on account of there being more than 20 per cent. of No. 2 common, in the lot of lumber. The record fails to show that appellant sustained any damage on this account; second, that the court charged appellant $15 per thousand for No. 3 lumber. The contract did not specify any price for No. 3 lumber. Testimony adduced was conflicting as to the value of that grade of lumber, and the court's finding that it was worth $15 per thousand is not contrary to the clear preponderance of the evidence.

Appellant's last contention is that the court erred in dismissing his crossbill against George A. Booser, George A. Burr and W. O. Poole. The record does not show that Booser had any interest in the litigation, and he disclaimed any. The timber deed procured by appellant from Burr & Poole to the lumber in question was a quitclaim deed. It is true, it contained an agreement to defend all suits which might be brought by Mullinix, or his assignees, for the purpose of defeating title to the timber conveyed. The expense of defending the suit was not made an issue in the case. The crossbill against all three of the parties was properly dissmissed.

No error appearing, the decree is affirmed.